FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

NOV 14 2011

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

UNITED STATES OF AMERICA,

v.

Criminal Case No.: 2:06-CR-00726

Jeffrey F. Geddes
March 28, 1969
41750-048
FCI Sheridan
Sheridan, Oregon 97378

Civil Action No.:

## MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255

1. Name and location of the court which entered the judgment/conviction being challenged.
   Tenth Circuit Court
   District of Utah
   350 South Main Street
   Salt Lake City, UT 84101

2. Date of judgment or sentencing.
   D.C. No. 2:06-CR-00726

3. Length of sentence.
   188 Months

4. Nature of offense (all counts).
   Superseding indictment in 2:06-CR-00726 charged fifty-two counts of Bank Fraud, in violation of 18 U.S.C. § 1344, and four counts of Wire Fraud, in violation of 18 U.S.C. § 1343.

5. What was your plea? (check one)
   (a) Not Guilty [ ]
   (b) Guilty [X]
   (c) Nolo Contendere [ ]
If you entered different pleas to different counts or charges, explain.

Page 1 of 5

Case: 2:11-cv-01052
Assigned To : Campbell, Tena
Assign. Date : 11/14/2011
Description: Geddes v. USA

6. Kind of trial. (check one)
    (a) Jury [ ]
    (b) Judge Only [ ]

7. Did you testify at the trial?
    Yes [ ] No [ ]

8. Did you appeal from the judgment of conviction?
    Yes [X] No [ ]
If you answered yes, provide the following information:
    A. What grounds did you raise?
        i. Whether the district court erred when it unilaterally rejected Mr. Geddes guilty plea entered pursuant to Fed. R. Crim. P. 11(C)(1)(C);
        ii. Whether the sentence imposed by the court was substantively unreasonable.
    B. What was the result?
        i. My attorney withdrew the motion.
    C. What was the date of the decision by the Court of Appeals?
        i. November 9, 2010

9. Did you file a petition for writ of certiorari to the United States Supreme Court?
    Yes [ ] No [X]
If you answered yes, what was the result?
If you answered yes, what was the date of the decision by the Supreme Court?

10. Other than a direct appeal, have you filed any petitions, applications, or motions challenging this judgment in any federal court?
    Yes [ ] No [X]

11. If you answered yes, provide the following information for **each** petition, application, or motion:
    A. Name and location of the court where you filed.
    B. Describe what you filed and the date on which it was filed.
    C. What grounds did you raise?
    D. What was the result?
    E. What was the date of the decision?
    F. Did you appeal the decision?
        Yes [ ] No [ ]
    G. What was the result?
    H. If you did not appeal any adverse decision, explain why you did not appeal.

12. Do you CURRENTLY HAVE PENDING in any court any motion, petition, or appeal concerning the judgment being challenged in this petition?
    Yes [ ] No [X]
If you answered yes, describe what you filed, when, where, and its current status.

13. In most cases federal law requires that a motion to vacate or set aside judgment be filed within one (1) year of the date your conviction became final. 28 U.S.C. § 2255. If this motion is being filed more than one year after your conviction became final, explain why it is late and/or why you believe the one year limitations period does not apply.

14. State BRIEFLY every ground on which you claim you are being held unlawfully. BRIEFLY summarize the facts supporting each ground. If necessary, you may attach additional pages.
    A. Ground One: Ineffective counsel – conflict of interest.
        Supporting Facts:
        03/06/2008 Criminal Docket #61 Notice of Attorney Appearance. Judge did not want to allow for replacement of public defenders with paid attorneys.

        03/31/2008 Criminal Docket #75 Allows Paid Counsel.

        06/01/2009 Criminal Docket #192 Motion to Withdraw by Neil Kaplan, Anneli Smith, Jennifer James, Clyde Snow & Sessions. It is stated that the request and motion was by Jeffrey F. Geddes. This was NOT my request and/or desire.

        06/02/2009 Criminal Docket #194 Order granting 192 Motion to Withdraw as Attorneys. This action by the court put me in a terrible situation. I had spent over a year and hundreds of thousands of dollars on this legal team. Not only was this Law Firm and many of its associates working on my case, but through this firm I also had a number of outside paid specialist in accounting and computer forensics in addition to a psychologist. There were hundreds if not a thousand plus hours and knowledge put into this case with this law firm that was all thrown down the toilet.

        Dates and Criminal Docket numbers unknown – but the court has established a history of not wanting me to be able to have my own paid attorneys. After the courts allowed my paid legal team to withdraw after many hours of researching, investigating, strategizing, and working together, I was forced to use the public defender's office against my choice and ability to pay for counsel of my choice.

        I again after the 06/02/2009 date retained another private attorney and private counsel appeared at court requesting to represent me. The courts denied this motion.

        I petitioned the courts to dismiss the public defender and public defender's office for conflict of interest. I stressed to the courts that we, the public defender and I could not work together, but the court denied me my rights to private counsel.

        My private counsel, Randal Gaither, was finally allowed by the courts to work as a consultant to the public defender's office even though I stressed to the courts that I wanted Gaither to by my attorney and Gaither appeared and partitioned the courts to allow himself to be my counsel. The court denied this motion and only allowed Gaither to be consultant.

    B. Ground Two:
        Supporting Facts:
    C. Ground Three:
        Supporting Facts:
    D. Ground Four:
        Supporting Facts:

15. If any of the issues that you are raising in this motion have not been previously presented, explain which issues are being raised for the first time and why.

    Due to all this mess and confusion with my attorneys I was greatly confused. In spending so much time preparing for trial with my original legal team (Clyde, Snow & Sessions) and then having the courts allow them to withdraw and then the courts not allowing me to put private counsel in after the court allowed my previous legal team to withdraw forcing me to use the public defender caused me GREAT stress and confusion. I was literally scared for my life as I am not familiar with the courts and technicalities of the law. I was being told one thing from private counsel and another by the public defender's office. I was being yelled at (in motion to courts that public defender Lyn Donaldson would literally yell at me telling me what to do. He would tell me that "you have no choice in this matter. "The only decision I have is whether I chose to testify at trial." I didn't know what to do and who to listen to.

16. Do you have any other sentence(s) to be served after you complete the sentence(s) / commitment that is being challenged in this petition?
    Yes [ ] No [X]
If you answered yes, provide the following information about each of your future sentences:
    A. Name and location of the court that imposed the sentence.
    B. Length of the sentence.
    C. Have you filed, or do you intend to file, a petition or motion attacking this sentence?
        Yes [ ] No [ ]

    WHEREFORE, Movant prays that the Court grant him all relief to which he may be entitled in this action.

**I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE INFORMATION ABOVE IS TRUE AND CORRECT.**

SIGNED THIS 7th day of November, 2011.

*Jeffrey F. Geddes*

Jeffrey F. Geddes
41750-048
FCI Sheridan
P.O. Box 5000
Sheridan, Oregon 97378

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of November, 2011, a copy of this 2255 Motion, was mailed, postage prepaid, to:

Clerk's Office
United States District Court
For the District of Utah
350 South Main Street
Salt Lake City, UT 84101

Jeffrey R. Geddes